## ACHEU *vs.* SUNG KWONG WO CO.

### Exceptions to Rulings of McCully, J.

### April Term, 1885.

### Judd, C. J.; McCully and Austin, JJ.

There appearing evidence upon which the jury based their verdict, the Court cannot grant a new trial in order that the case may be presented by new counsel with more exactitude, no exceptions having been taken in the Court below covering the points on which a new trial is asked for.

Although damages may appear excessive, the Court will not disturb the verdict if the damages are within estimates made by witnesses.

### Opinion of the Court, by Judd, C. J.

This case before us is on the exceptions by plaintiff to a refusal by the Justice who tried the case, with a jury, to grant a new trial on the ground that (1st) the verdict obtained by plaintiff is contrary to the evidence given at the trial, and (2d) the damages awarded by the jury are excessive.

It is claimed, on behalf of the defendants, that the facts of the case are as follows:

"The defendants occupy a tract of land of about nineteen acres, adjoining the mauka side of the Government road in Waikiki, between the lands of Pau and Kaluakau. They cultivate bananas chiefly. Their land is surrounded towards the southerly and easterly sides by a high bank of sods grassed over.

"The plaintiff occupies land in Kaluakau, adjoining the de-

fendants at the said bank. He cultivates bananas, potatoes, melons, etc. He was a partner of defendants' till about June, 1883, when he sold out. He leased the premises by him occupied about February, 1884, and soon after cut and deepened a ditch on the westerly side of his land, running from the main auwai of Kalia to the bank above mentioned, and began to cut away the said bank, so as to permit a free passage of water through, at the place where there had been a cut through before, but not so deep. The defendants stopped this, and effectually banked up the opening, preventing the passage of the water. This was followed by flooding of the plaintiff's land, and the destruction of a portion of his crop."

It appears from the record there was competent evidence to support the plaintiff's claim. But it is urged by defendants that if an easement had been acquired by the owner of the plaintiff's land to have the water pass from it through a bank on defendants' land, the easement of drainage can only be claimed as acquired, and would not sustain a right to drain off the water through the ditch lately deepened and enlarged by plaintiff. And the defendant claims that the plaintiff has shown no prescriptive right to the easement of drainage through the deepened and enlarged channel.

It must be borne in mind that this Court is not now trying the case upon its merits. If it were, we should have to consider the nature and capacity of the draining ditch during the period when it is claimed the right to its use accrued, also whether its enlarged capacity, and the presence of a larger body of water in it, whose escape was prevented by defendants, occasioned the damage, and whether the changed character of the cultivation of the plaintiff's land from kalo to bananas, etc., required more drainage and drier land, and whether the damage to their style of crop would not have occurred, even if the old and unaltered drain had remained open.

But no position of this character was taken at the trial, so that the Court could instruct the jury properly upon these matters. It is quite possible that new counsel, in the light of fresh investigation, can find facts in the case which, if an instruction from the

Court had been asked, would have drawn a different verdict from the jury.

It does not appear what instructions were asked for by the defendants. Certainly no exceptions were taken to the instructions that were given, and we must take it that they were satisfactory to the defendants.

The defendants had their opportunity, when before the jury, to make their case, and having done so, and there appearing evidence upon which the jury based their verdict, we cannot grant a new trial in order that the case may be presented with more exactitude.

As to the ground of excessive damages. They may appear so to the Court, but the amount of damage found by the jury was within the estimate made by the witnesses, and for this reason we are not at liberty to disturb the verdict.

Exceptions overruled.

*A. S. Hartwell*, for plaintiff.

*W. R. Castle*, for defendants.

Honolulu, May 1, 1885.